1  **THORNDAL, ARMSTRONG, DELK,**
    **BALKENBUSH & EISINGER**
2  Brian K. Terry, Esq.
   Nevada Bar #003171
3  Gregory M. Schulman, Esq.
   Nevada Bar #005766
4  1100 East Bridger Avenue
   P.O. Drawer 2070
5  Las Vegas, NV 89125-2070
   Tel.: (702) 366-0622
6  Fax: (702) 366-0327
   E-Mail: bterry@thorndal.com
7  E-Mail: gms@thorndal.com
   Attorneys for Defendant/Third Party Plaintiff
8  TROPICANA LAS VEGAS, INC.

9

                **UNITED STATES DISTRICT COURT**
10
                    **DISTRICT OF NEVADA**
11

12  DONALD AMARELD, JR., Individually,      Case No.:   2:13-cv-00758-APG-NJK

13                Plaintiff,                **DEFENDANT TROPICANA LAS VEGAS,**
                                            **INC.'S RESPONSE TO PLAINTIFF'S**
14  vs.                                     **MOTION TO AMEND COMPLAINT**
                                            **(#50)**
15  TROPICANA LAS VEGAS HOTEL AND
    RESORT, INC. aka TROPICANA HOTEL
16  AND CASINO, a Nevada Domestic
    Corporation; TROPICANA LAS VEGAS INC.,
17  a Nevada Corporation; ARMENCO
    HOLDINGS AND REGAL
18  ENTERTAINMENT GROUP, LLC a Foreign
    Limited Liability Company; DOES 1-20
19  inclusive; and, ROES 1 – 20 inclusive,

20                Defendants.

21  ─────────────────────────────────

22  TROPICANA LAS VEGAS, INC., a Nevada
    corporation,

23                Third Party Plaintiff,

24  vs.

25  THOR CONSTRUCTION, INC., TURNEY
    DEVELOPMENT, LLC, DOES 1 through 10,
26  inclusive and ROE ENTITIES 1 through 10,
    inclusive,
27
                  Third Party Defendants.
28

-1-

1  COMES NOW defendant, Tropicana Las Vegas, Inc., by and through its attorneys of

2  record, Thorndal, Armstrong, Delk, Balkenbush & Eisinger, and hereby responds to plaintiff's

3  motion to amend his complaint.  This response is made and based upon the points and authorities

4  attached hereto, the papers and pleadings on file herein, and any oral argument that may be

5  presented to the court.

6  ### MEMORANDUM OF POINTS AND AUTHORITIES

7  ### I.

8

9  ### INTRODUCTION

10  Plaintiff's motion should be denied.  The time for filing motions for leave to amend

11  pleadings lapsed five months before plaintiff filed his motion and approximately five weeks

12  before discovery is set to close.  Plaintiff's own failure to conduct timely discovery is why

13
14  plaintiff seeks untimely leave of the court and he has no justification supporting his untimely

15  motion.  Plaintiff's motion should also be denied because the proposed amended claims and

16  damages sought are not supported by plaintiff's allegations.

17  Plaintiff's motion alleges Tropicana delayed discovery.  This allegation is unfounded.

18  Tropicana has timely produced discovery as it has become available.[1]  As set forth below, the

19
20  facts clearly show plaintiff's limited propounded discovery is why he is untimely seeking to

21  amend his complaint.

22  ///

23

24  [1] Plaintiff arguing Tropicana is delaying discovery is troubling because his motion relies on exhibits plaintiff has not
produced during discovery in this case, including Exhibits 6, 7, 9 and 11.  The court should not consider any non-

25  produced exhibits plaintiff's motion relies on because there is a lack of foundation the exhibits are relevant to this
litigation.  Most are from a prior incident occurring more than a year before plaintiff's incident.  The prior incident

26  involves a deck coating applied by a different contractor, occurring in a different location at the pool and allegations
regarding the cause of the slip and fall not present in this litigation.  Plaintiff has failed to lay any foundation that

27  discovery from the other litigation is even relevant to this case.  While Tropicana has, through the other litigation,
access to Exhibits 6, 7 and 11, it has not considered them relevant to this litigation because of the differences in

28  time, location and allegations of the other litigation.  If plaintiff thought them relevant to this litigation, plaintiff
should have produced them pursuant to Fed.R.Civ.P. 26.

## II.

## FACTUAL BACGROUND

This action arises from a slip and fall event on the New Tropicana Las Vegas ("Tropicana") pool deck on July 21, 2011.

### A.    Procedural History and Discovery

The following is a timeline of relevant discovery dates in this litigation and discovery initiated by plaintiff:

| July 23, 2013 | Court enters stipulated discovery plan and scheduling order (Docket #18). |
|---|---|
| **September 3, 2013** | **Deadline to file motions to amend pleadings (#18 at p. 3).** |
| September 24, 2013 | Parties stipulate to extend discovery but not to extend deadline to file motions to amend pleadings (#34). |
| September 25, 2013 | Court enters order extending discovery deadlines (#35). |
| September 25, 2013 | Plaintiff serves first interrogatories, requests to produce and requests for admissions on Tropicana.  **Exhibits A through C**, respectively. |
| January 20, 2014 | Plaintiff joins in Turney's January 17, 2014 request for a site inspection on January 23, 2014.  **Exhibit D**, Email Correspondence at p. 1. |
| January 23, 2014 | Plaintiff participates in site inspection.  **Exhibit E**, Tom Tomeo Expert Report at p. 3. |
| February 7, 2014 | Plaintiff designates one liability expert and one medical expert.  **Exhibit F**, Plaintiff's Disclosure of Expert Witnesses. |
| February 20, 2014 | Plaintiff serves Notice of Inspection for a document review pursuant to Fed.R.Civ.P. 34.  **Exhibit G**, Notice of Inspection. |
| February 27, 2014 | Plaintiff serves Notices of Deposition for Fed.R.Civ.P. 30(b)(6) witness on Tropicana, Thor Construction and Turney Development.  (**Exhibits H through J**, respectively) |
| April 5, 2014 | Discovery closes (#45). |

Other than plaintiff's Fed.R.Civ.P. 26 disclosures, plaintiff has not conducted any discovery other than what is listed in the timeline.  Much of the discovery plaintiff undertook did not occur until 2014.

### B.    Tropicana Main Pool Construction

Tropicana completely rebuilt its main pool deck in 2010.  On March 15, 2010, Tropicana contracted with Thor Construction to construct the main pool deck.  **Exhibit K**, Thor Contract.

After the initial work was completed, the construction manager noticed a small area by the pool bar with which he had some concern, "There were some areas of the deck that I had observed, *specifically, around an existing bar* underneath the hotel tower that weren't finished or performing in accordance with the samples to get the desired finish.  They were a little slick." **Exhibit L**, Dave Agnello Deposition Transcript at 50:17-21 (emphasis added).

Tropicana did not leave this issue unresolved.  Prior to the pool opening, Thor added an additional deck coating with Shark Grip to the entire pool deck, not just the affected area. **Exhibit M**, Field Work Order Recaps.  Shark Grip is a slip resistant additive the manufacturer specifically recommends for pool decks.  **Exhibit N**, Shark Grip Information Sheet.

In June, 2010, after the pool opened for use by hotel guests, an approximately 10' x 10' area was observed near the pool bar where the Shark Grip sealant did not adhere properly to the concrete.  See **Exhibit L** at 125:7-13.  Thor removed and replaced this surface to correct the issue.  See **Exhibit L** at 125:7-13.

As part of normal maintenance, Tropicana had the main pool deck resealed in 2011.  On March 3, 2013, Tropicana contracted with Turney Development to perform this work.  **Exhibit O**, Turney Contract.  On April 8, 2011, Turney completed the resealing of the deck, including using Shark Grip with the sealant.  **Exhibit P**, April 8, 2011 Turney Development Invoice.

After Turney completed its work, there was an area of pool deck under the covered portion of the pool near the fitness center where there was some concern.  Tropicana had Turney repair this area.  See Plaintiff's Exhibit 10.  Plaintiff's incident did not occur near the pool bar or the covered pool area near the fitness center.  See Plaintiff's Exhibit 14.

///

///

### III.

### PLAINTIFF'S REQUEST TO AMEND HIS COMPLAINT IS UNTIMELY

Tropicana concurs with plaintiff Fed.R.Civ.P. 16, not Fed.R.Civ.P. 15, is the proper standard applicable to plaintiff's motion.  See Plaintiff's Motion (#50) at 4:7-13.  Plaintiff must provide "good cause" why his motion was not timely filed, which focuses on the movant's diligence.  See Plaintiff's Motion (#50) at 4:7-13.  Rule 15's standard, that leave to amend should freely be given, is inapplicable because plaintiff is seeking leave after the deadline for filing his motion expired.  Accordingly, plaintiff's citations to Ninth Circuit authority[2] applying the less rigorous standard of Rule 15 are inapplicable.

The court set September 3, 2013 as the deadline to file motions to amend pleadings. Plaintiff filed his motion seeking leave to amend his complaint to add claims for negligence per se, gross negligence and to recover punitive damages five months after this deadline.  Plaintiff's motion is untimely.

Plaintiff cannot show good cause to support his untimely motion.  Plaintiff initiated almost no discovery early in this matter.  Two months elapsed after the court's scheduling order was issued before plaintiff served his first written discovery requests.  Plaintiff did not schedule any depositions to occur until late March, 2014, just a few weeks before discovery closes. Plaintiff can choose to conduct as much or as little discovery as he wishes.  However, plaintiff cannot be given leave to disregard previously established deadlines because he chose to wait to conduct his discovery.

Plaintiff's allegation Tropicana's conduct resulted in his delay in filing his motion is disingenuous.   Plaintiff did not even begin conducting discovery until September 25, 2013.  This

---

[2] See Plaintiff's Motion (#50) at 4:15-5:6.

was three weeks *after* the deadline for leave to amend passed.  While Tropicana denies delaying

discovery, plaintiff missed the filing deadline because of his own actions and not because of any

alleged conduct by Tropicana.  Because plaintiff's motion is untimely and no good cause exists

to justify the untimely filing, his motion should be denied.

### IV.

### PLAINTIFF FAILS TO FACTUALLY SUPPORT HIS NEW CLAIMS IN HIS PROPOSED AMENDED COMPLAINT

Plaintiff's proposed amended complaint seeks to add causes of action for negligence per

se and gross negligence.  The amendment also seeks to recover punitive damages against

Tropicana.  See Plaintiff's Exhibit 12 at pp. 6-8.  Plaintiff's motion should be denied because

plaintiff fails to allege facts to support the new causes of action or a basis upon which punitive

damages can be awarded.

### A.    Negligence Per Se Requires Violation of a Statute, not a Regulation as Plaintiff's Proposed Amended Complaint Alleges

Negligence per se arises when a duty is created by *statute*.  Violation of a *statute*

establishes the duty and breach elements of negligence if the injured party is in the class of

persons whom the statute is intended to protect and the injury is of the type against which the

statute is intended to protect.  Sanchez v. Wal-Mart Stores, Inc., 125 Nev. 818, 828, 221 P.3d

1276 (2009).  *Violation of an administrative regulation is only evidence of negligence*, not

negligence per se.  Price v. Sinnott, 85 Nev. 600, 605, 460 P.2d 837, 840 (1969); Chudacoff v.

Univ. Med. Ctr., 437 Fed. Appx. 609, 612 (9th Cir. 2011) (citing Price).

Plaintiff premises his negligence per se claim upon regulations, not statutes.  Plaintiff's

proposed amended complaint references violations of various Nevada Administrative Code and

Southern Nevada Pool Code sections in support of his negligence per se claim.  See Plaintiff's

Exhibit 12 at p. 6.  Plaintiff's proposed amended complaint fails to reference any *statutes*

Tropicana allegedly violated with regard to plaintiff's event.  Because plaintiff's proposed

negligence per se claim fails as a matter of law, plaintiff's motion should be denied.

**B.     Plaintiff Fails to Allege Facts to Support a Gross Negligence Claim**

> Gross negligence is much more than ordinary negligence.  Gross negligence demonstrates
> a failure to exercise even a slight amount of care.  Gross negligence is very aggravated
> and extreme negligence that demonstrates the person gave little, if any, thought to the
> consequences of his behavior.

*Nevada Civil Jury Instructions*, Instruction 4NG.18

In the case at bar, plaintiff fails to allege facts to support a claim for gross negligence.

Tropicana hired contractors to construct the pool deck and install sealant with Shark Grip slip

resistant additive.  Shark Grip is intended to be used on pool decks.  Plaintiff's designated

liability expert, Tom Tomeo, does not opine the use of Shark Grip on the pool deck was

improper.  See **Exhibit E**.

Tropicana hired licensed contractors to construction the deck and/or apply the deck

sealant.  After application of the sealant with Shark Grip, there were two known instances where

there was a potential problem with a discrete area of the pool deck and/or coating.  The first

occurred in 2010 in a small area by the pool bar.  This area was remediated.  The second

occurred in 2011 by the fitness center.  This area was also remediated.  Neither of these isolated

locations is where plaintiff's event occurred.  Plaintiff has not presented any evidence to support

an argument Tropicana gave little, if any, thought to pool deck construction or its surface.  It

used a product, Shark Grip, as intended.  The Shark Grip was applied by licensed contractors.

There is no evidence of gross negligence with regard to construction of the pool deck.

Plaintiff premises his proposed gross negligence claim on Tropicana using Shark Grip to

resurface the pool deck in 2011 after several slip and fall incidents in 2010.  Plaintiff offers no

evidence the use of Shark Grip was improper, as the manufacturer intended its product to be used on pool decks.

The number of prior incidents, by itself, is also inadequate to support a gross negligence claim.  Plaintiff provides no evidence the number of slip and fall incidents is statistically significant in light of the number of people using the pool deck.  The only evidence on this issue is from Tropicana's expert, Ken Solomon, who opines plaintiff's event is not evidence the deck was dangerous because of the statistically low probability of the event occurring.  **Exhibit Q**, Ken Solomon Report at p. 9.

### C.  Plaintiff Fails to Assert Claims Supporting Punitive Damages

In order to obtain punitive damages, Nevada's punitive damages statute, NRS 42.001, requires conduct exceeding recklessness or gross negligence.  Wyeth v. Rowatt, 244 P.3d 765 (Nev. 2010); Countrywide Home Loans, Inc. v. Thitchener, 124 Nev. 725, 743, 192 P.3d 243, 255 (2008).

In the case at bar, plaintiff's proposed amended complaint only asserts negligence based claims.  Under Nevada law, none of these claims are sufficient to support an award of punitive damages.  Even if plaintiff could support his claims for negligence per se and gross negligence, the two claims he is seeking to add in his amended complaint, he still would not be entitled to recover punitive damages.  Therefore, plaintiff's motion for leave to amend his complaint to assert punitive damages should be denied.

///

///

///

///

## V.

## CONCLUSION

Based upon the foregoing, Tropicana Las Vegas, Inc. hereby requests plaintiff's motion be denied in its entirety.

DATED this _____ day of March, 2014.

THORNDAL, ARMSTRONG, DELK,
BALKENBUSH & EISINGER

_____
Brian K. Terry, Esq.
Nevada Bar No. 003171
Gregory M. Schulman, Esq.
Nevada Bar No. 005766
P. O. Drawer 2070
Las Vegas, Nevada 89125-2070
Attorneys for Defendant TROPICANA LAS
VEGAS, INC.

## CERTIFICATE OF SERVICE

I am a resident of the State of Nevada, over the age of eighteen years, and not a party to the within action.  My business address is 1100 E. Bridger Avenue, Las Vegas, Nevada 89101.  I certify that on this ⟨6th⟩ day of March, 2014, I served a copy of the within DEFENDANT TROPICANA LAS VEGAS, INC.'S RESPONSE TO PLAINTIFF'S MOTION TO AMEND COMPLAINT (#50), by transmitting a true copy via electronic service through the USDC CM/ECF system to the recipients listed with the Court for this case and by United States Mail, postage prepaid, to the following addresses:

| NAME | TEL. & FAX NOS. | PARTY REPRESENTING |
|---|---|---|
| Arthur W. Tuverson, Esq.<br>Anjuli B. Woods, Esq.<br>Law Offices of Arthur W. Tuverson<br>7201 West Lake Mead Blvd.<br>Suite 570<br>Las Vegas, Nevada 89128 | Tel.:  (702) 631-7855<br><br>Fax:  (702) 631-5777<br><br>E-Mail:<br>atuverson@awtlawoffice.com<br>E-Mail:<br>awoods@awtlawoffice.com | Plaintiff |
| Kristopher T. Zeppenfeld, Esq.<br>Kravitz, Schnitzer, Sloane & Johnson<br>8985 So. Eastern Ave. #200<br>Las Vegas, NV 89123 | P: 362-6666<br>F: 362-2203 | Attorneys for Thor Construction |
| Mitchell J. Resnick, Esq.<br>Jenny L. Foley, Ph.D., Esq.<br>Resnick & Louis<br>6600 W. Charleston Blvd., #117<br>Las Vegas, NV  89146 | P/F 997-3800<br>mresnick@rlattorneys.com<br>jfoley@rlattorneys.com | Attorneys for Turney Development |

_____
An Employee of Thorndal, Armstrong, Delk,
Balkenbush & Eisinger