UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DONALD AMARELD, JR.,<br><br>　　　　　Plaintiff(s),<br><br>vs.<br><br>TROPICANA LAS VEGAS HOTEL &<br>RESORT, INC., et al.,<br><br>　　　　　Defendant(s). | Case No. 2:13-cv-00758-APG-NJK<br><br>ORDER GRANTING MOTION FOR<br>LEAVE TO AMEND<br><br>(Docket No. 50) |

　　　　Pending before the Court is Plaintiff's motion for leave to file an amended complaint. Docket No. 50. Defendant filed a response and Plaintiff filed a reply. Docket Nos. 59-60, 63. The motion came on for hearing on May 6, 2014. *See* Docket No. 73. Having considered the documents submitted and the arguments presented, the Court hereby **GRANTS** the motion.

**I.　　BACKGROUND**

　　　　This case arises out of a slip and fall on Defendant's premises on July 21, 2011. Plaintiff filed his complaint on May 1, 2013. Docket No. 1. The Court entered its initial scheduling order on July 23, 2013, which established a deadline for amending the pleadings of September 3, 2013. Docket No. 18. Although the Court has extended various deadlines at the parties' request, it has not extended the deadline for amending the pleadings. On February 13, 2014, Plaintiff filed the pending motion to reopen the deadline to amend the pleadings so that he may file an amended complaint. Docket No. 50; *see also* Docket Nos. 46-47 (omnibus motion, including motion for leave to amend, filed on February 12, 2014, denied without prejudice for failing to comply with Special Order 109). In particular, Plaintiff seeks

leave to add two additional claims against Defendant: a claim for negligence *per se* and a claim for gross negligence. Plaintiff also seeks to add a request for punitive damages. It is that motion that is currently before the Court.

## II.  STANDARDS

When a party moves to amend the pleadings after the expiration of the deadline to do so established in the scheduling order, courts review the motion through a two-step process. First, courts treat the motion as seeking to amend the scheduling order, which is governed by the "good cause" standard outlined in Rule 16(b). *See, e.g.*, *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992).[1] "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Id.* at 609. In particular, courts look to whether the deadline set in the scheduling order "cannot reasonably be met despite the diligence of the party seeking the amendment." *Id.* Although prejudice to the opposing party may also be considered, the focus of the inquiry is on the movant's reasons for seeking modification. *Id.* "If that party was not diligent, the inquiry should end." *Id.* The party seeking amendment bears the burden of establishing diligence. *See, e.g.*, *Morgal v. Maricopa County Bd. Of Supervisors*, 284 F.R.D. 452, 460 (D. Ariz. 2012).

Where "good cause" exists under Rule 16(b), courts will then examine whether amendment is proper under the standards outlined in Rule 15(a). Rule 15(a) provides that "[t]he court should freely give leave [to amend] when justice so requires," and there is a strong public policy in favor of permitting amendment. *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999). As such, the Ninth Circuit has made clear that Rule 15(a) is to be applied with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (*per curiam*). Under Rule 15(a), courts consider various factors, including: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of the amendment; and (5) whether the plaintiff has previously amended the complaint. *See id.* at 1052. These factors do not carry equal weight, however, and prejudice is the touchstone of the analysis. *See id.* The party opposing the amendment bears the burden of showing why leave to amend should be denied. *See,*

---

[1] Unless otherwise stated, references to "Rules" refer to the Federal Rules of Civil Procedure.

*e.g.*, *Desert Protective Council v. U.S. Dept. Of the Interior*, 927 F. Supp. 2d 949, 962 (S.D. Cal. 2013) (citing *Genentech, Inc. v. Abbott Labs.*, 127 F.R.D. 529, 530-31 (N.D. Cal. 1989)).

### III.    ANALYSIS

The Court begins its analysis with Rule 16(b)'s good cause standard and its focus on Plaintiff's diligence. Plaintiff's briefing does not clearly identify the impetus for filing his current motion or the steps he took to obtain the information needed to bring the motion. At the hearing, Plaintiff's counsel clarified that the basis for the motion to amend became apparent only after supplemental discovery responses were obtained and reviewed, and upon consultation with Plaintiff's expert. *See, e.g.*, Hearing Recording (5/6/14) at 3:52-3:54 p.m.; *see also id.* at 3:57-3:59 p.m. (referencing, *inter alia*, evidence obtained in December 2013). Plaintiff's expert inspected the pool deck on January 23, 2014, and timely prepared his expert report on February 7, 2014. *See* Docket No. 59-5 (report of Thomas Tomeo). That expert report opines on code violations at the pool on which Plaintiff relies in bringing his claim for negligence *per se*, *see id.*, Section V, as well as circumstances on which Plaintiff relies for pleading a claim for gross negligence, *see id.* (asserting that, *inter alia*, Defendant knew of the dangerous condition of the pool deck as evidenced by multiple accidents, but chose to resurface the pool with the same material rather than properly correcting the defect). Given that Plaintiff filed his motion to amend shortly after his expert reviewed the materials and provided the above opinions, the Court finds that Plaintiff was diligent and that good cause exists to allow the amendment.[2]

Having found good cause exists as required by Rule 16, the Court turns to whether the amendment should be permitted under Rule 15. Defendant's primary argument regarding Rule 15 is that the amendments are futile because Plaintiff failed to allege sufficient facts to support the new claims. *See* Docket No. 59 at 6-8. "Denial of leave to amend on this ground is rare. Ordinarily, courts will defer consideration of challenges to the merits of a proposed amendment until after leave to amend is granted and the amended pleading is filed." *See Branch Banking & Trust Co. v. Pebble Creek Plaza, LLC*, 2013 U.S. Dist. Lexis 73723, *3 (D. Nev. May 22, 2013) (quoting *Netbula, LLC v. Distinct Corp.*, 212 F.R.D.

---

[2] In determining whether "good cause" exists, the Court may also consider prejudice to the opposing party. *See, e.g., Johnson*, 975 F.2d 609. Defendant's counsel essentially acknowledged that a significant risk of prejudice does not exist. Hearing Recording (5/6/14) at 4:12 p.m.

534, 539 (N.D. Cal. 2003)). Deferring ruling on the sufficiency of the allegations is preferred in light of the more liberal standards applicable to motions to amend and the fact that the parties' arguments are better developed through a motion to dismiss. *See, e.g., In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 536 F. Supp. 2d 1129, 1135-36 (N.D. Cal. 2008). The Court finds that Defendant's futility arguments are better addressed through a motion to dismiss rather than the pending motion.[3] As such, the Court finds that the requirements for amendment under Rule 15 are also satisfied in this case.[4]

## IV. CONCLUSION

For the reasons stated more fully above, the Court hereby **GRANTS** the motion for leave to amend. Plaintiff shall file and serve the amended complaint within 7 days of this order. In addition, the parties shall confer and, within 7 days of this order, submit a proposed discovery plan.

IT IS SO ORDERED.

DATED: May 12, 2014

_____
NANCY J. KOPPE
United States Magistrate Judge

---

[3] The Court expresses no opinion as to the viability of the newly added claims and nothing in this order shall be construed as precluding Defendant from bringing a motion to dismiss.

[4] At the hearing, Defendant's counsel appeared to argue that bad faith may exist as Plaintiff is using the pending motion to conduct a "fishing expedition" for additional discovery. *See* Hearing Recording (5/6/14) at 4:11 p.m. Some of Plaintiff's counsel's statements could support that assertion, *see, e.g.*, *id.* at 4:06-4:08 p.m. (Plaintiff's counsel urging the Court to grant the motion to amend because doing so "gives more of a backing to discover issues that they contend are not relevant [to the current claims] and that we contend are. It opens up factual scenarios to explore that we would otherwise be foreclosed upon."), but Defendant did not sufficiently develop that argument or the record for the Court to find bad faith, *see Eminence Capital*, 316 F.3d at 1052 (absent prejudice, a "strong showing" of one of the other factors must be presented to deny leave to amend).